UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREA B. MCKIM,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>    Defendant. | CASE NO. 11cv5815-RBL-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: September 28, 2012 |

  This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 15, 16, 17).

  The ALJ relied on plaintiff's activities of daily living in order to support his failure to credit plaintiff's testimony and credibility fully. However, he failed to specify that those activities were transferable to work skills and failed to specify any other testimony

by plaintiff that was contradicted by her activities of daily living. The only other reason supplied by the ALJ for his determination that plaintiff lacked credibility was a lack of objective medical evidence to support the severity of her allegations. Since a lack of support from objective medical evidence cannot be the sole basis to reject a claimant's testimony once plaintiff has established the existence of a relevant medical impairment, plaintiff's credibility was not evaluated properly by the ALJ. In addition, the ALJ's partial rejection of the opinion of plaintiff's treating doctor was not based on substantial evidence in the record as a whole.

For these reasons, this matter should be reversed and remanded for further administrative proceedings.

## BACKGROUND

Plaintiff, ANDREA B. MCKIM, was forty-four years old on her amended onset date of disability of August 7, 2008 (Tr. 17, 19, 139). Her work history includes short-term work in child care and nursing, as well as twelve years of experience managing a bakery (*see* Tr. 153-54, 167). Plaintiff alleges that when she attempting to return to her work in child care, she "had to stop due to [her] condition" (*see* Tr. 166). When making this allegation, she indicated that the conditions that limited her ability to work included "DDD [degenerative disc disease], Arthritis, CTS (Right Wrist), High BP, Depression, [and] Chronic Kidney Stones" (*id.*).

Plaintiff also described progressive increase in pain over time since she started working at a bakery, which she assumed was from lifting and carrying fifty pound bags of sugar and flour (*see* Tr. 43). Plaintiff had at least the severe impairments of

degenerative disc disease; history of carpal tunnel syndrome with release; history of de Quervain's tenosynovitis; left shoulder arthritis; history of left shoulder surgery; and hypertension, as found by the ALJ (*see* Tr. 20).

## PROCEDURAL HISTORY

Plaintiff protectively filed an application for supplemental security income on August 7, 2008 (*see* Tr. 17, 139-48). Her application was denied initially and following reconsideration (*see* Tr. 68-71, 88-93). Plaintiff's requested hearing was held before Administrative Law Judge Robert M. McPhail ("the ALJ") on January 27, 2010 (Tr. 31-56). On February 19, 2010, the ALJ issued a written decision in which he found that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 14-26).

On July 28, 2011, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. In October, 2011, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision (*see* ECF Nos. 1, 4). Defendant filed the sealed administrative transcript regarding this matter ("Tr.") on January 25, 2012 (*see* ECF Nos. 10, 11). In her Opening Brief, among other things, plaintiff challenges the ALJ's review of the medical evidence as well as his review of plaintiff's credibility, and also challenges the ALJ's striking of material from the record (*see* ECF No. 15).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.

1999); *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (1996) (per curiam) (*quoting Andrews, supra*, 53 F.3d at 1039). In addition, the Court "'must independently determine

whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 2012 U.S. App. LEXIS 6570 at *42 (9th Cir. April 2, 2012) (Dock. No. 10-16578); *Stout v. Commissioner of Soc. Sec.*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." *Stout, supra*, 454 F.3d at 1054 (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009); *Stout, supra*, 454 F.3d at 1054-55.

## DISCUSSION

1. <u>The ALJ failed to review plaintiff's testimony and credibility properly</u>.

The ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen, supra*, 80 F.3d at 1284; *see also Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999) (reliance on inconsistent statements concerning drug use proper).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, *supra*, 80 F.3d at 1281 (*citing Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82.  Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the

claimant's testimony as to the severity of symptoms "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407). Absent affirmative evidence that the claimant is malingering, the ALJ must provide specific "clear and convincing" reasons for rejecting the claimant's testimony. *Smolen, supra*, 80 F.3d at 1283-84; *Reddick, supra*, 157 F.3d at 722 (*citing Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

Regarding activities of daily living, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination. *Orn, supra*, 495 F.3d at 639 (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

1    The ALJ failed to credit fully plaintiff's testimony and credibility (Tr. 22-24). The

2 ALJ discussed plaintiff's activities of daily living when making the determination not to

3 credit fully plaintiff's testimony and credibility:

> While the claimant has alleged daily activities that are fairly limited, two
> factors weigh against considering these allegations to be strong evidence
> in favor of the finding the claimant disabled. First, allegedly limited
> daily activities cannot be objectively verified with any reasonable degree
> of certainty. Secondly, even if the claimant's daily activities are truly as
> limited as alleged, it is difficult to attribute that degree of limitation to
> the claimant's medical condition, as opposed to other reasons, in view of
> the relatively weak medical evidence and other factors discussed in this
> decision. Overall, the claimant's reported limited daily activities are
> considered to be outweighed by other factors herein discussed.
> Consequently, the extreme symptoms alleged by the claimant are simply
> not supported by the record.

(Tr. 23-24).

The first reason given by the ALJ here was that "allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty." (*Id.*) This is a statement of general fact that bears only a small amount of relevance to plaintiff's credibility in this specific case: simply because a fact cannot be verified objectively provides little evidence to support the conclusion that the individual is not being truthful about such fact in any particular instance. This assessment is buttressed by the fact that this exact wording has been utilized by another ALJ as support for the failure to credit the testimony of another plaintiff in another social security case, *Boettcher v. Astrue*, 2012 U.S. Dist. LEXIS 49811 at *13-*14 (W.D. Wash. 2012)[1]; and to support the failure to

---

[1] In *Boettcher*, the ALJ included the following in his written decision:
    Although the claimant described fairly limited activities, two factors weigh against
    considering these allegations to be strong evidence supporting a finding that the

credit lay testimony in yet another social security matter, *see Whitmire v. Astrue*, 2012 U.S. Dist. LEXIS 24272 at *20-*21 (W.D. Wash. 2012) (the ALJ failed to credit lay observations as they could not "be objectively verified with any reasonable degree of certainty' and that 'it is difficult to attribute them to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this discussion'"). It suggests to this Court that the language used to reach a factual determination in these instances is based more on an archived form than on the particular claimant who was before the ALJ.

The second reason given by the ALJ was that "it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision." (Tr. 24). First, the Court notes that the ALJ does not specify what "other reasons" to which one can attribute the degree of limitation plaintiff alleges that she suffers. Attributing the degree of limitation plaintiff alleges to "other reasons," when those "other reasons" are not specified, provides no support for the ALJ's adverse credibility finding. Similarly, the "other factors discussed in this decision" cannot support an adverse credibility finding as they also are unspecified. The ALJ cannot rely on general findings, but "'must

---

claimant is disabled. First the allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainly. Second, even if the claimant's daily activities are as truly limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision. Overall, the claimant's reported limited daily activities are considered to be outweighed by the other factors discussed in this decision.
*Boettcher, supra*, 2012 U.S. Dist. LEXIS 49811 at *13-*14.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 9

specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *See Greger*, *supra*, 464 F.3d at 972 (*quoting Morgan*, *supra*, 169 F.3d at 599).

The Court also notes that the Ninth Circuit has specified "the two grounds for using daily activities to form the basis of an adverse credibility determination:" (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603). The ALJ here did not find any specific contradiction between plaintiff's other testimony and her activities of daily living and did not indicate specifically that her activities of daily living were transferable work skills. *See Orn, supra*, 495 F.3d at 639; *see also Fair, supra*, 885 F.2d at 603.

The only other reason provided by the ALJ to support his credibility determination is a discussion of the "the relatively weak medical evidence" (*see* Tr. 22-24). The ALJ discussed various treatment records of plaintiff and concluded that there was a "lack of supporting medical evidence" (*see* Tr. 23). However, once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *See Bunnell, supra*, 947 F.2d at 343, 346-47 (*citing Cotton, supra*, 799 F.2d at 1407).

The Court also notes that within the medical evidence section of plaintiff's credibility determination, the ALJ indicated that plaintiff had not been offered surgery (*see* Tr. 22), but failed to mention plaintiff's testimony that she did not have adequate

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 10

healthcare due to lack of insurance (*see* Tr. 43).  *See* SSR 96-7 1996 SSR LEXIS 4, at *22 ("the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment"); *see also Regennitter v. Comm'r SSA,* 166 F.3d 1294, 1296 (9th Cir. 1999) ("Although we have held that 'an unexplained, or inadequately explained failure to seek treatment can cast doubt on the sincerity of a claimant's pain testimony,' we have proscribed the rejection of a claimant's complaint for lack of treatment when the record establishes that the claimant could not afford it") (citations, ellipses and brackets omitted).

      As the only reason supplied by the ALJ for his determination regarding plaintiff's credibility was a lack of objective medical evidence to support plaintiff's allegations, the Court concludes that the ALJ failed to provide specific "clear and convincing" reasons for his rejection of plaintiff's testimony. *See Smolen, supra*, 80 F.3d at 1283-84; *Reddick, supra*, 157 F.3d at 722 (*citing Lester*, 81 F.3d at 834); *see also Bunnell*, *supra*, 947 F.2d at 343, 346-47. For this reason, and based on a review of the relevant record, the Court concludes that this error was not harmless, and therefore, this matter should be reversed and remanded to the Commissioner for further administrative proceedings.

      2. <u>The ALJ failed to evaluate properly the medical evidence provided by plaintiff's treating physician, Dr. Liliane J. Bartha M.D. ("Dr. Bartha").</u>

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); *see also* 20 C.F.R. § 416.902 (treating physician is one who provides treatment and has "ongoing treatment relationship" with claimant). However, "[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). In addition, "[a] physician's opinion of disability 'premised to a large extent upon [plaintiff]'s own accounts of h[er] symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" *Morgan, supra,* 169 F.3d at 602 (*quoting Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (*citing Brawner v. Sec. HHS*, 839 F.2d 432, 433-34 (9th Cir. 1988))).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). The ALJ can accomplish this by "setting out a detailed and

thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick, supra*, 157 F.3d at 725 (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, the ALJ "need not discuss *all* evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam). The ALJ must only explain why "significant probative evidence has been rejected." *Id.* (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981)).

In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (*citing Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). On the other hand, an ALJ need not accept the opinion of a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings or by the record as a whole. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Dr. Bartha examined plaintiff and indicated her medical opinion that plaintiff was unable to walk, stand, or sit for more than 10-15 minutes, and could do "no lifting" (*see* Tr. 471; *see also* Tr. 469). In his discussion regarding plaintiff's credibility, the ALJ indicated that it "did not appear that [plaintiff's] treating source, Dr. Liliane Bartha performed any examination with respect to these complaints" of plaintiff's alleged chronic pain in the feet, knees, hips, shoulders, and hands (*see* Tr. 22). However, the Court notes that when examining plaintiff in September, 2008, Dr. Bartha indicated that

her physical examination ["P/E"] demonstrated that plaintiff experienced "pain on palpation [in] cervical, hip, knee joints and small joints of hands and feet with decreased mobility" (*see* Tr. 471). Therefore, the finding by the ALJ that Dr. Bartha did not perform any examination of plaintiff with respect to her chronic pain complaints is not supported by substantial evidence in the record as a whole.

In addition, the ALJ acknowledged that Dr. Bartha was a treating physician who opined that plaintiff was severely limited in her ability to work, yet he gave her opinion only minimal weight (*see* Tr. 24). The ALJ failed to credit fully Dr. Bartha's opinion based on a finding that her opinion was "unsupported by the record" (*see* Tr. 24).

First, Dr. Bartha's physical examination and resultant findings support her opinion (*see* Tr. 471). In addition, Dr. Bartha's opinion is supported by other evidence in the record, including some evidence that the ALJ failed to discuss. For example, at plaintiff's "three and one-half month postoperative visit of her left shoulder open acromioplasy distal clavicular excision," she indicated that although her pain had decreased, she still felt "limited with strengthening exercises due to continued wrist and base of left thumb pain" (*see* Tr. 480). At this May 11, 2009 appointment with Dr. Patrick J. Halpin, M.D. ("Dr. Halpin"), plaintiff still demonstrated stiffness and range of motion issues (*see id.*). Treatment records from Dr. Vincent Phillips, M.D. also indicate a finding following examination of reduced range of motion in her shoulder (*see* Tr. 578).

Similarly, although referenced by the ALJ, the Court also notes that following plaintiff's endoscopic carpal tunnel release procedure and de Quervain's injection, Dr. Halpin's treatment record indicates that on July 22, 2009, plaintiff reported continued

pain "along the first extensor compartment which she state[d] [wa]s about the same as it was before the injection" (*see* Tr. 478). At this time, plaintiff demonstrated "stiff wrist motion" on examination (*see id.*).

The Court also notes the ALJ found that plaintiff did not have "any treatment for pain in her neck and back," without completing a thorough discussion of treatment records detailing plaintiff's alleged chronic pain and her prescriptions for pain medication (*see, e.g.*, Tr. 582-83, 618-21).

The Court already has determined that the ALJ failed to provide clear and convincing reasons for his failure to credit fully plaintiff's testimony and credibility, *see supra*, section 1. The Court also has determined already that this matter should be reversed and remanded for further administrative proceedings, *see supra*, section 1.

For this reason, the reasons discussed, and based on the relevant record, the Court concludes that the medical evidence should be evaluated anew following remand of this matter.

3. <u>This matter should be remanded for a *de novo* hearing and a new decision</u>.

The Ninth Circuit has put forth a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178, 2000 U.S. App. LEXIS 38646 at **17 (9th Cir. 2000). It is appropriate where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be

1         required to find the claimant disabled were such evidence
2         credited.

3 *Harman, supra*, 211 F.3d at 1178 (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th

4 Cir.1996)). Here, outstanding issues must be resolved and it is not clear from the record

5 that plaintiff was disabled. *See Smolen, supra*, 80 F.3d at 1292.

6       The ALJ is responsible for determining credibility and resolving ambiguities and

7 conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998);

8 *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). If the medical evidence in the

9 record is not conclusive, sole responsibility for resolving conflicting testimony and

10 questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

11 Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing*

12 *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))). Therefore, remand is appropriate

13 in order to allow the Commissioner the opportunity to consider properly all of the

14 medical evidence as a whole and to incorporate the properly considered medical evidence

15 into the consideration of plaintiff's credibility and residual functional capacity. *See*

16 *Sample, supra*, 694 F.2d at 642.

17       Remand of this matter also will allow the Commissioner to include the missing

18 information into the record, or at least to provide a decision that is not based on evidence

19 absent from the record (*see* Tr. 20, 447-52). Although the ALJ appears to have relied on

20 Exhibit 10F in order to support his finding that plaintiff did not have a severe mental

21 impairment, the relevant pages are missing from the record (*see* Tr. 20, 447-52

22 ("EXHIBT (sic) 10F [pages 3-7] WAS REMOVED BECAUSE IT REFERENCED

ANOTHER CLAIMANT!") (emphases in original)). This error should be cured following remand.

## CONCLUSION

The ALJ failed to evaluate plaintiff's credibility and testimony properly by relying on general findings regarding plaintiff's activities of daily living and general findings regarding support from the objective medical evidence of record.

Based on this reason and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 28, 2012, as noted in the caption.

Dated this 4th day of September, 2012.

J. Richard Creatura
United States Magistrate Judge